**Price Law Group, APC**
5940 S. Rainbow Blvd., Suite 3014
Las Vegas Nevada, 89118
Phone: 702-794-2008
alpert@pricelawgroup.com

Steven A. Alpert, NV Bar #8353
*Attorneys for Plaintiff,*
*Mark Smitherman*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARK A. SMITHERMAN, | Case No.: 2:20-cv-00579-JCM-DJA |
| Plaintiff, | |
| v. | JOINT PRETRIAL ORDER |
| EXPERIAN INFORMATION SOLUTIONS, INC, EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, AND PLUSFOUR, INC. | |
| Defendants. | |

After pretrial proceedings in this case,

IT IS ORDERED:

### I.   Nature of the Action:

This is an action against Defendant PlusFour, Inc. ("Defendant") for alleged violations of the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff Mark A. Smitherman's ("Plaintiff") disputes regarding his debt. Plaintiff alleges that Defendant violated the FCRA by repeatedly refusing to reasonably investigate Plaintiff's bona fide disputes and was therefore willfully and negligently liable under §§ 1681n and 1681o, respectively. Plaintiff claims that Defendant furnished information to credit

reporting agencies ("CRAs") that inaccurately indicated that Plaintiff had an open, unpaid collections account with Defendant ("the Account"). Plaintiff further alleges that this failure to investigate caused damage to Plaintiff's credit, loss of access to his deserved credit terms, delay in purchasing a home, emotional and mental distress, great humiliation, embarrassment, frustration, anxiety, headaches, and sleeplessness. Plaintiff seeks declaratory judgment that Defendant violated the FCRA, statutory, actual, and punitive damages, attorney's fees and costs, as well as any other such relief permitted by 15 U.S.C. § 1681n and § 1681o.

## II. Statement of Jurisdiction:

The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because Plaintiff alleges a violation of the FCRA. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendant transacts business in this district and as such, personal jurisdiction is established.

Plaintiff and Defendant agree that this Court has jurisdiction over Plaintiff's federal question claims.

## III. Admitted Issues of Fact

The following facts are undisputed by the parties, and require no proof:

On or about February 29, 2016, (the "date of service"), Plaintiff received radiology services at Desert Radiology in Las Vegas, Nevada. (ECF Nos. 44 at 2; 45 at 3 ¶ 1). Zotec Partners, LLC ("Zotec") was Desert Radiology's billing company during the relevant time period, (ECF Nos. 44 at 2; 48 at 6:19–20), and Defendant handled Desert Radiology's collection accounts (ECF No. 45 at 3 ¶ 2). In or about October 2016, Defendant sent Plaintiff a letter regarding outstanding debt related to the services performed on the date of service at Desert Radiology.

(ECF Nos. 44 at 2; 45 at 3 ¶ 4).

Plaintiff communicated with Defendant in 2018 and 2019 via telephone to inform it that Desert Radiology had billed the wrong insurance policy. (ECF Nos. 1 at 5 ¶ 7; 45 at 4). In response, Defendant requested that Plaintiff mail to Defendant the explanation of benefits ("EOB") from his insurance company to confirm. (ECF Nos. 44-17 ¶ 10; 45 at 4 ¶ 11).[1]

Shortly following Plaintiff's filing of this lawsuit on March 24, 2020, Plaintiff's account was removed from collections and the debt was no longer included on Plaintiff's credit reports. (ECF Nos. 44 at 6; 44-2 at 65:12–15; 45 at 5 ¶ 23).

### IV. Uncontested Issues of Fact

The following facts, though not admitted, have already been determined by this Court's January 25, 2022, Order to be undisputed, and will not be contested at trial by evidence to the contrary:

On or about December 13, 2019, Plaintiff sent three letters to each of the CRAs (Experian, Equifax, and TransUnion) asserting that the outstanding debt owed for medical services received from Desert Radiology was an error, that it was errantly billed to the wrong insurance, and that once it was properly billed to the correct insurance his insurance policy had paid the bill in full. (ECF No. 44-12). On or about February 6, 2020, Defendant received a "written verification request" from the CRAs to confirm or correct Plaintiff's outstanding debt. (ECF No. 45 at 4 ¶ 15). At least one of those notices from the CRAs included Plaintiff's dispute letter. (ECF No. 44-2 at 21–22).

---

[1] The timing surrounding receipt of Plaintiff's EOB is disputed. Plaintiff alleges to have sent the EOB via certified mail (See ECF 44-17 ¶ 9), but Defendant contends that it only accepts "standard mail," so the EOB would have been rejected and was purportedly never received until November 2020, approximately one month before close of discovery (See ECF Nos. 45 at 4 ¶ 14; 52 at 4:5–6).

Defendant accessed Desert Radiology's internal online billing platform to verify the balance on Plaintiff's account and responded to the CRAs' written verification requests indicating that the debt was indeed still outstanding. (ECF No. 45 at 4–5). However, Defendant never spoke to Desert Radiology directly to verify the information. (ECF No. 55 at 11).

## V. Contested Issues of Fact

1. The following issues of fact to be tried and determined at trial.
2. Plaintiff's Actual Damages: one of the issues to be decided at trial is the issue of actual damages Plaintiff suffered.
3. The amount of statutory damages Plaintiff is entitled to.
4. Whether Defendant failed to conduct an investigation of the FCRA dispute.
5. Whether any breach by Defendant caused Plaintiff economic harm, mental or physical pain, emotional distress, anguish, stress, and/or embarrassment.
6. Whether Defendant furnished inaccurate information to credit reporting agencies.
7. Whether Defendant's conduct was willful.

## VI. Uncontested Issues of Law

This Court has already decided that Defendant is not liable for furnishing inaccurate information under the FCRA as it pertains to Plaintiff's § 1681s-2(a)(1)(A). (ECF No. 55 at 11). This Court stated that Congress explicitly denied a private cause of action for any violations under § 1681s-2(a). (*Id.*).

This Court concluded that Defendant is negligently liable for noncompliance under the FCRA. Defendant's investigation in response to Plaintiff's dispute letter regarding the Desert Radiology bill which was sent to the wrong insurance company. Defendant did not remove the debt from Plaintiff's consumer report after Desert Radiology had corrected the mistake and the

bill was paid in full. (*See* ECF No. 44-13; 55 at 11). Defendant searching the Desert Radiology billing portal is not a reasonable investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A). Defendants also had a system where emails were sent weekly with which accounts needed to be closed but it was not managed appropriately to continue receiving these reports. (ECF No. 44-2 at 41; ECF No. 55 at 13). Defendant's snafu involving personnel issues and email account mismanagement constitutes negligence in failing to comply with the FCRA's investigation requirement. (ECF 55 at 12). Furthermore, the agency recall report was not difficult to understand and a layman outside the credit reporting industry would have been able to glean that the Account was sent in error and needed to be removed. (ECF 55 at 12-13).

Defendant should have known that Plaintiff's Account should have been removed from collections when it began its investigation. (ECF 55 at 13). Defendant therefore failed in its review of all relevant information provided by the CRAs, which included Plaintiff's dispute letter sufficiently detailing that his Account was sent to collections in error. (ECF 55 at 13).

## VII.     Contested Issues of Law

The following are the issues of law to be tried and determined at trial.

1. Whether Defendant's conduct constitutes a violation of 15 U.S.C. § 1681n.
2. Whether punitive damages under 15 U.S.C. § 1681n(a)(2) are appropriate.

## VIII.

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk

| No. | Bates | Description |
| --- | --- | --- |
| 1. | PLUS000003 | Plaintiff's Dispute Letter Attached to Experian's ACDV to Experian |
| 2. | PLUS000013 | PlusFour's Account Notes |
| 3. | PLUS000014-15 | Equifax ACDV to PlusFour |
| 4. | PLUS000016-17 | Trans Union ACDV to PlusFour |

| 5. | PLUS000018-19 | Experian ACDV to PlusFour |

(b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated, except for objections to lack of foundation or proper authentication, which the parties hereby reserve the right to object to at the time of trial based upon the testimony presented or otherwise in a motion in limine:

(1) Set forth the Plaintiff's exhibits and objections to them

Trial Exhibits Schedules for Plaintiff

| No. | Bates Range | Exhibits | Expect/ May Offer | Objections[2] |
|---|---|---|---|---|
| 6. | SMITHERMAN000012-33 | Plaintiff's Trans Union Credit Report – 11/7/2019 | Expect | 801, 403 |
| 7. | SMITHERMAN000034-36 | Plaintiff's Dispute Letters to all CRAs | Expect | 401, 403 |
| 8. | SMITHERMAN000039-70 | Plaintiff's Experian Credit Report – 11/7/2019 | Expect | 801, 403 |
| 9. | SMITHERMAN000071 | Plaintiff's Equifax Credit Report – 11/7/2019 | Expect | 801, 403 |
| 10. | SMITHERMAN000073-74 | Trans Union Dispute Response | Expect | 801, 401, 403 |
| 11. | SMITHERMAN000075 | Experian Dispute Response | Expect | 801, 401, 403 |
| 12. | SMITHERMAN000076-77 | Equifax Dispute Response | Expect | 801, 401, 403 |

---

[2] Defendant's objections may be noted by referencing the applicable Federal Rule of Evidence cited as the basis for the objection. Defendant reserves the right to elaborate upon the objection, file a motion in limine for any objection listed, or take other action to preserve, maintain, or assert these objections at the time of trial, as appropriate.

| No. | Bates Range | Expect/May Offer | Exhibits/Description | Objection(s) |
|---|---|---|---|---|
| 13. | ZOTEC000022-24 | | Zotec March 31, 2017 email | Expect | Object-never disclosed pursuant to Fed. R. Civ. P. 26 and 37 |
| 14. | ZOTEC000025-30 | | Zotec September 10, 2018 email | Expect | Object-never disclosed pursuant to Fed. R. Civ. P. 26 and 37 |

(2) Set forth the Defendant's exhibits and objections to them

(3) <u>Trial Exhibits Schedules for Defendant</u>

| No. | Bates Range | Expect/May Offer | Exhibits/Description | Objection(s) |
|---|---|---|---|---|
| 15. | PLUS000001 | Expect | Work Card | 401, 403, 801 (hearsay) |
| 16. | PLUS000002 | Expect | Credit Reporting | 401, 403, 801 (hearsay) |
| 17. | PLUS000004 – 005 | Expect | PlusFour Response to Dispute Letter with validation from Desert Radiology. | Bates 4 - 401, 403, Foundation  Bates 5 - 401, 403, 801 |
| 18. | PLUS000006 – 008 | Expect | Credit Bureau Reporting | 401, 403, Foundation |
| 19. | PLUS000009 – 012 | Expect | Electronic Dispute Policy and Procedure | 401, 403, Foundation |
| 20. | PLUS000020 – 027 | May | Desert Radiology Third-Party Collection Agreement | 401, 403, Foundation |
| 21. | PLUS000028 – 031 | Expect | PlusFour Compliance Agreement | 401, 403, Foundation |
| 22. | Smitherman0037-38 | Expect | PlusFour Debt Validation | 401, 403, Foundation |

(c) Electronic evidence:

The parties intend to present evidence in electronic format to jurors for the purposes of jury deliberations. However, a hard copy of each exhibit shall be made available for the jury at trial.

(d) Depositions

(1) Plaintiff will offer the following depositions:

The following depositions will be offered against Defendant.

Tara Rodriguez: 6:14-17; 8:13-25; 9:1-2; 9:10-19; 10:1-25; 11:25; 12:1-10, 19-25; 13:1-8, 13-24; 14:1-25; 15:1-6; 9-25; 16:1-25; 17:1-6; 18:13-25; 19:1-24; 20:16-25; 21:1-25; 22:1-25; 23:1-6; 24:15-19; 25:1-4, 13-25; 26:1-24; 28:4-25; 29:1-17; 30:9-23;  31:12-25, 32:1-25; 38:3-25; 39:1-25; 40:1-25; 41-1-23; 47:1-25; 48:1-4; 51:14-21; 52:13-22, 25; 53:1-25; 54:1.

Dean Thomas Burger: 4:9-11, 6:19-25; 7:1-25; 8:1-14; 9:1-19; 10:1-14; 11:21-25, 12:1-25; 13:1-25; 14:1-25; 15:1-24; 17:3-13; 18:10-21; 19:10-23; 20:16-25; 21:1-25; 22:1-10; 17-25; 23:1-16; 24:17-25; 25:1-25; 26:1-6; 28:1-25; 32:21-25; 33:1-18.

Mitchell Guthrie: 5:6-25; 7:24-25, 8:1-24, 9:9-13, 24-24, 10:1-25; 11:16-25, 12:1-7; 15:15, 16:1-7, 16-24; 17:2-25; 18:1-2, 7-25; 19:1-25; 20:1-14, 17-18, 22-25; 21:1-6, 8-9, 23-25; 22:1-7, 20-25; 23:1-25; 24:1-25; 25:1-25; 26:1-25; 27:1-25; 28:1-25; 29:1-25; 30:1-25; 31:1-25; 32:1-25; 33:1-25; 34:1-25; 35:1-25; 36:1-25; 37:1-25; 38:1-25; 39:1-25; 40:1-25; 41:15-24; 43:12-20; 44:1-25; 45:1-25; 46:1-25; 47:1-11; 48:1-25; 49:1-25; 50:1-12; 51:14-25; 52:1-2; 57:2-15; 58:10-25; 59:1-14; 62:12-25; 63:1-25; 64:1-24; 65:6-25; 66:1-7, 9-25; 67:1-25; 68:1-25; 69:1, 25; 70:1-25; 71:1-2; 81:19-25; 84:5-25; 85:1-25; 86:1-25; 87:1-25; 88:1-25; 89:1-25; 90:1-25; 91:1-25; 92:1-25, 93:1-17; 96:11-25; 97:1-13; 98:9-25; 99:1-7; 100:15-25: 101:1-25; 102:1-14; 103:3-25; 103:23-25; 104:1-13, 15-25; 105:1-25; 106:1-16; 109:17-25: 110:1-25; 111:1-23; 112:9-25

(2) Defendant will offer the following depositions:

Tara Rodriguez Depo Excerpts: 9:10-19; 10:1-25; 11:25; 12:1-10, 12:19-25; 13:1-8, 13:13-24; 14:1-25; 15:1-25; 16:1; 18:1-12; 19:11-13; 22:19-25; 23:1-6; 25:13-25; 26:1-13; 29:12-18; 41:19-25; 42:1-25; 43:1-20; 46:4-7; 53:13-22; 55:5-9, 16-25; 56:1; 57:9-17, 25; 58:1-13, 15-20.

Dean Burger Depo Trans Excerpts; 6:19-25; 7:1-24; 8:3-14; 11:21-25; 12:1-14; 13:3-24; 15:25; 16:1-3, 16:18-25; 17:1-7, 17:21-25; 18:1-2; 19:16-25; 20:1; 22:17-25; 23:1-2, 23:24-25; 24:1-7, 21-25; 25:1-8; 29:25; 30:1-25; 31:4-24.

(e) Objections to depositions:

(1) Defendant objects to Plaintiff's depositions as follows:

Defendant maintains the objections as stated in the record. For the deposition of Tara Rodriguez, these specifically include but are not limited to[3] those objections stated on the following pages of the transcript:

---

[3] Defendant reserves the right to offer any additional clarification regarding these objections as is appropriate or necessary.

- 8 -

- Page 24: Multiple objections to the line of questioning as being vague and ambiguous and calling for speculation.
- Page 31: Objection to the form of the question as being vague and ambiguous and calling for speculation.
- Page 38: Objection to the form of the question as being vague and ambiguous and calling for speculation.
- Page 39: Multiple objections to the line of questioning and the form of the specific questions as being vague and ambiguous and calling for speculation.

For the deposition of Dean Burger, these specifically include but are not limited to those objections stated on p. 27 of the transcript regarding the scope of the line of questioning by counsel for Plaintiff. For the deposition of Mitchell Gutherie, Defendant includes all objections stated on the record within or pertaining to the excerpts of the transcript identified by Plaintiff, and Defendant reserves the right to offer specification with regard to any objection memorialized therein at the time of trial.

(2) Plaintiff objects to Defendant's depositions as follows: Plaintiff maintains any and all objections stated on the record.

## IX.

The following witnesses may be called by the parties at trial

(a) Provide names and addresses of Plaintiff's witnesses

Mark A. Smitherman, Plaintiff
c/o Tarek Chami
Price Law Group
5940 South Rainbow Boulevard, Suite 3014
Las Vegas, Nevada 89118
Expects to present

Tara Rodriguez
Cantey Hanger, LLP
c/o Derek Carson
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
May present live or by deposition designations

Dean Thomas Burger
Zotec Partners
c/o Offer Korin
The Emelie Building
334 North Senate Avenue
Indianapolis, Indiana 46204
May present live or by deposition designations

Mitchell Gutherie
c/o Garrett R. Chase
VC2 Law
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
May present live or by deposition designations

   (b) Provide names and addresses of Defendant's witnesses

Mark A. Smitherman, Plaintiff
c/o Tarek Chami
Price Law Group
5940 South Rainbow Boulevard, Suite 3014
Las Vegas, Nevada 89118
Expects to present

Corporate Designee for PlusFour, Inc.
c/o Garrett R. Chase
VC2 Law
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Expects to present

Tara Rodriguez
Cantey Hanger, LLP
c/o Derek Carson
600 West 6th Street, Suite 300
Fort Worth, Texas 76102

May present live or by deposition designations

Dean Thomas Burger
Zotec Partners
c/o Offer Korin
The Emelie Building
334 North Senate Avenue
Indianapolis, Indiana 46204
May present live or by deposition designations

## X.

The attorneys or parties have met and jointly offer these three trial dates:

June 5, 2023, through June 8, 2023

July 24, 2023, through July 27, 2023

August 7, 2023, through August 10, 2023

It is estimated that the trial will take a total of $\underline{4}$ days.

//

//

//

//

//

//

//

//

//

//

//

//

//

APPROVED AS TO FORM AND CONTENT[4]

**PRICE LAW GROUP, APC**

DATED: February 15, 2023

By: */s/ Tarek N. Chami*
Tarek N. Chami – (MI # P76407)
Admitted Pro Hac Vice Only
22000 Michigan Ave, Suite 200
Dearborn, MI 48124
Phone: 313-444-5029
tarek@pricelawgroup.com

Steven A. Alpert, (NV #8353)
5940 S. Rainbow Blvd., Suite 3014
Las Vegas Nevada, 89118
Phone: 702-794-2008
alpert@pricelawgroup.com
*Attorneys for Plaintiff, Mark Smitherman*

**VC2 LAW**

By: */s/Garrett R. Chase*
Garrett R. Chase
Nevada Bar No. 14498
8985 S. Eastern Ave. Suite 100
Las Vegas, Nevada 89123
*Attorneys for Defendant PlusFour, Inc.*

## XI.
## ACTION BY THE COURT

This case is set for court/jury trial on the fixed/stacked calendar on **July 24, 2023, at 9:00 a.m.** Calendar call will be held on **July 19, 2023, at 1:30 p.m.**

DATED: March 13, 2023

_____
UNITED STATES DISTRICT JUDGE

---

[4] Defendant PlusFour, Inc.'s approval of the form and content of this proposed Joint Pretrial Order is given in furtherance of PlusFour's obligations under the rules to assist in moving the case forward and for professionalism and civility, and shall not be construed as a waiver of the arguments for dismissal of this matter set forth in PlusFour's Opposition to Plaintiff's Motion for Extension of Time to Fille the Pretrial Order, ECF No. 60.